wise. Order unanimously affirmed, without costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

EDWARD F. STRANDSKI, Respondent, v. JOHN SHARKI, Defendant, and ROBERT WILCOX and MARY CASHMAN, Now MARY CASHMAN WILCOX, by JULIA CASHMAN, Her Guardian ad Litem, Appellants. (Action No. 1.) HELEN STRANDSKI, Respondent, v. JOHN SHARKI, Defendant, and ROBERT WILCOX and MARY CASHMAN, Now MARY CASHMAN WILCOX, by JULIA CASHMAN, Her Guardian ad Litem, Appellants. (Action No. 2.) MADELINE STRANDSKI, an Infant, by EDWARD F. STRANDSKI, Her Guardian ad Litem, Respondent, v. JOHN SHARKI, Defendant, and ROBERT WILCOX and MARY CASHMAN, Now MARY CASHMAN WILCOX, by JULIA CASHMAN, Her Guardian ad Litem, Appellants. (Action No. 3.) — Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

In the Matter of the Application of OLIVER REYNOLDS, Petitioner, against HOLTON V. NOYES, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Petitioner applied for a milk dealer's license for the license year 1939. This application was denied by order dated March 24, 1939. Petitioner did not seek a review of this order within the statutory period. Despite this denial he continued to sell milk directly to customers. On October 2, 1939, he made another application for a license, and this application was denied by order dated November 29, 1939. It is this order which petitioner seeks to review in this proceeding. One of the grounds assigned by the respondent for the denial of the second application was that petitioner sold milk without a license. This fact is sustained by the evidence; indeed it is not controverted, and is sufficient to support the order of denial. We have no choice but to confirm. Determination confirmed, without costs. Bliss, Heffernan, Schenck and Foster, JJ., concur; Hill, P. J., dissents. Hill, P. J. (dissenting). This petitioner, who, at the time he applied for a license, was a farmer milking three cows and selling only the surplus milk, belongs to the class from which a license should not be required. He comes within the intent and purview of section 257 of the Agriculture and Markets Law, and the failure by the Commissioner to exempt him from the necessity of obtaining a license was arbitrary and capricious. The determination should be annulled and the matter remitted with directions to the Commissioner to waive the necessity for a license.

In the Matter of the Petition of GEORGE BECKER, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act, against ERNEST E. COLE, as Commissioner of Education of the State of New York, and WILLIAM A. HANNING and Others, as Members of the Board of Examiners of the Board of Education of the City of New York, Respondents.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

In the Matter of the Application of RICHARD R. ROLLINS, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act, against FRANK P. GRAVES, as Commissioner of Education of the State of New York, Respondent.— Appeal from an order of the Special Term of the Supreme Court entered in the Albany county clerk's office on August 14, 1941, dismissing the petition of the appellant. The petitioner instituted this proceeding under article 78 of the Civil Practice Act to obtain an order directing the Commissioner of Education to restrain the further